IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNE TALIGNANI, as Special Administrator of the Estate of DAVID TALIGNANI, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERAN AFFAIRS,<br><br>Defendant. | Case No. 3:19-CV-1018-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On September 18, 2019, Plaintiff Anne Talignani, as Special Administrator of the Estate of David Talignani, Deceased, filed this Complaint against the United States of America (Department of Veteran's Affairs) pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671.

By January 9, 2020, Defendant had yet to be served with the Complaint. Accordingly, the Court entered a Notice of Impending Dismissal for want of prosecution (Doc. 7). The Court noted that, pursuant to Federal Rule of Civil Procedure 4(m), Talignani had 90 days after her complaint was filed to effect service. FED. R. CIV. P. 4(m) (*Id.*). The Court warned Talignani that the case would be dismissed if Defendant was not properly served by January 30, 2020 (*Id.*).

On January 15, 2020, the Court entered a Notice directing Talignani to file the

"Notice and Consent to Proceed before a Magistrate Judge Jurisdiction" form, as previously directed on December 2, 2019 (Docs. 5, 8). Talignani was given an additional seven days, until January 23, 2020, to file the form. Talignani did not file the form.

On January 23, 2020, the Court ordered Talignani to show cause why sanctions should not be imposed on her attorney for continuing to ignore the Court's directive to return the "Notice and Consent to Proceed before a Magistrate Judge Jurisdiction" form (Doc. 9). Counsel responded the following day and explained that he was in the process of relocating his office during the last week of December 2019 and the first two weeks of January 2020, so he did not have access to his digital files (Doc. 10). He further indicated that he expected to have access to his computer by February 1, 2020 (*Id.*). Accordingly, counsel requested an extension of time, up to and including February 5, 2020, to file the Notice and Consent to Proceed before a Magistrate Judge Jurisdiction form.

On January 27, 2020, the Court extended the deadline for Plaintiff to return the form to February 5, 2020 (Doc. 11). The Court further extended the time for Plaintiff to serve Defendant to February 5, 2020 (*Id.*). As of this writing, the form still has not been filed and there is no indication that Defendant has been served.

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . . ." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). If a party fails to litigate its claims or otherwise abide by the court's orders, the court has the inherent authority to *sua sponte* dismiss the matter. *Id.; O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).

Here, Talignani has failed to serve Defendant in the time required by Rule 4(m). She also has failed to follow the Court's orders and has not otherwise made an effort to prosecute this case since it was filed. Accordingly, the Court finds that dismissal is appropriate.

The Court **ORDERS** that this action is **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:** February 25, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**